3:26-mj-00045

DISTRICT OF OREGON, ss:        AFFIDAVIT OF DANIELLE HANSEN

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Danielle Hansen, being duly sworn, do hereby depose and state as follows:

### Introduction and Agent Background

1.  I am a Special Agent employed by Internal Revenue Service (IRS), Criminal Investigation, and I have held this position since September 2024. I earned an Associate of Applied Science degree in Accounting from Lane Community College in March 2021 and a Bachelor of Science degree in Accounting from Eastern Oregon University in June 2023. I successfully completed the 62-day Criminal Investigator Training Program in January 2025 at the Federal Law Enforcement Training Center (FLETC), and I successfully completed the 64-day Special Agent Investigative Techniques program through the National Criminal Investigation Training Academy, led by the IRS at FLETC, in April 2025. During this training, I studied and completed a variety of classes in law enforcement, criminal investigation, money laundering, and investigative techniques, including search and seizure warrants related to violations of the Internal Revenue Code and other financial crimes.

2.  I submit this affidavit in support of a criminal complaint and arrest warrant for Anthony James MALONE II for violations of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B) and 846, possession with intent to distribute 500 grams or more of cocaine and conspiracy to possess with intent to distribute controlled substances, and Title 18 U.S.C. 1956(a)(1)(B)(i), money laundering concealment. As set forth below, there is probable cause to believe, and I do believe, that Anthony James MALONE II committed Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B) and 846, possession with intent to distribute and

conspiracy to possess with intent to distribute controlled substances, and Title 18 U.S.C. 1956(a)(1)(B)(i), money laundering concealment.

## Applicable Law

3.      Title 21, United States Code §§ 841(a)(1) & (b)(1)(B) and 846 prohibit the possession with intent to distribute 500 grams or more of cocaine and conspiracy to possess with intent to distribute controlled substances. Title 18, U.S.C. § 1956(a)(1)(B)(i) prohibits conducting a financial transaction knowing the property involves the proceeds of a specified unlawful activity with the intent to conceal and disguise the proceeds of the unlawful activity and conspiring to launder money.

## Statement of Probable Cause

4.      The Federal Bureau of Investigation (FBI), Portland Police Bureau (PPB), and IRS Criminal Investigation (hereinafter referred to collectively as "Investigators") are investigating Anthony James MALONE II, also known as "T $poon" and "T Soprano," and others, for drug trafficking. The investigation revealed MALONE has made at least $700,000 in suspicious cash deposits into various personal and business bank and credit union accounts from January 1, 2020 through January 6, 2026.

5.      Of that $700,000, over $80,000 was deposited into Malone's Oregon corporation F.A.Y.L LLC between 2021 and 2025 and over $60,000 in cash was deposited into Stumptown Trucking, LLC between March 2021 and July 2025. Most recently, between October 2025 and December 29, 2025, MALONE deposited cash in excess of $8,000 into a credit union account held in the name of FAYL LLC. Based upon my investigation, F.A.Y.L LLC or FAYL LLC is purportedly MALONE's music production company and Stumptown Trucking, LLC is

**Affidavit of Danielle Hansen**                                                                                                                              **Page 2**

MALONE's trucking company (converted to Stumptown Trucking Inc. on November 4, 2025). Based upon my review of bank records, F.A.Y.L LLC was administratively dissolved with the Oregon Secretary of State on January 27, 2022; however, the company continued to receive cash deposits into the bank account consistent with and indicative of an alternative source of income, which I believe is drug trafficking as outlined below. Furthermore, based upon my review of a Stumptown Trucking, LLC (later Stumptown Trucking Inc.) bank account as well as my training and experience, I believe a trucking transportation company is typically not a cash-intensive business and the multitude of cash deposits into this bank account is consistent with and indicative of an alternative source of income, which I believe to be drug trafficking.

6. Using physical and electronic surveillance, Investigators covertly surveilled MALONE as he met with multiple people on numerous occasions including Djno PODRUG and Virgil ALLEN.

7. Investigators observed MALONE meet with Djno PODRUG on numerous occasions between November 18, 2026 and early March 2026. From November 18, 2025 through March 4, 2026, Investigators identified over 20 times MALONE traveled to the area of PODRUG's residence located on SE 7th Avenue in Portland, Oregon, for short periods of time including on February 11, 2026, when Investigators obtained video surveillance showing PODRUG walk down the driveway of his residence, open the front passenger door, reach inside MALONE's vehicle, and meet briefly with the occupant of the vehicle (MALONE), prior to MALONE driving away. Investigators believe that these brief meetings are drug deals.

8. On March 4, 2026, Investigators executed a search warrant on PODRUG's residence where Investigators recovered approximately 40 small bags of field-tested,

presumptive cocaine. I believe the quantity and packaging is consistent with and indicative of distributable quantity of cocaine. Investigators also seized a scale from PODRUG's residence, consistent with and indicative of him distributing drugs.



**40 Small Bags of Cocaine Seized from PODRUG's Bedroom**

9. On March 4, 2026, Investigators executed a federal search warrant on Virgil ALLEN's residence on NE Going Street. ALLEN was the sole occupant at the time of the search warrant. Inside a dressing room/closet, Investigators found secreted in a jacket pocket amongst ALLEN's personal clothing was a single bag containing two plastic bags. Each plastic bag contained a white, chunky substance. The first bag weighed approximately 25.63 grams including the weight of the plastic bag and field-tested positive for cocaine. The second bag weighed approximately 8.01 grams including the weight of the plastic bag and field-tested positive for cocaine base (also known as crack cocaine). Investigators also seized a scale and a money counter from ALLEN's residence, consistent with and indicative of his distributing drugs.

10. On March 4, 2026, Investigators executed a search warrant on MALONE's Red Toyota Sequoia, White Toyota Corolla, and his 75th Avenue Residence.

**Affidavit of Danielle Hansen**                                                                                          **Page 4**

11. On the morning of March 4, 2026, Investigators conducted a traffic stop on MALONE who was driving his White Toyota Corolla. MALONE was the sole occupant. Investigators seized a Turquoise Springfield Hellcat 9mm handgun from inside a satchel that was located inside the White Toyota Corolla. MALONE has a legal concealed handgun carry permit.



**Turquoise Springfield Hellcat 9mm Handgun Seized from the White Toyota Corolla**

12. Later that morning, Investigators also conducted a search of MALONE's Red Toyota Sequoia that was parked in the driveway of the 75th Avenue Residence. Investigators seized a backpack from the Red Toyota Sequoia that contained two additional firearms including a Smith & Wesson M&P EZ-9mm and a Glock 20 Gen 4 10mm. The Glock 20 Gen 4 10mm was confirmed stolen. I know from my training and experience, that drug traffickers often exchange drugs for firearms.

13. Finally, Investigators conducted a search of MALONE's residence where Investigators seized three safes (one inside the garage, one inside the laundry room, and one inside the closet of the master bedroom). Investigators broke open the safe from the laundry room, which contained a single kilogram of cocaine stamped "VT66" and field tested-

**Affidavit of Danielle Hansen**                                                                                           **Page 5**

presumptive positive for cocaine.



**Kilogram of Cocaine Seized from Inside Safe at Malone Residence**

14. Inside the second safe, Investigators found approximately a quarter of kilogram of cocaine (field tested presumptive positive for cocaine), Ziploc bags, scale and a spoon to cut the cocaine from the partial brick of cocaine that was still intact inside the second safe.



**Ziploc Bags, Scale, Approximately ¼ Kilogram of Presumptive Cocaine and a Spoon**

**Affidavit of Danielle Hansen**                                                                                          **Page 6**

15. Investigators opened the third safe and found an unknown amount of cash wrapped in rubber bands (not counted, but believed to be several thousand) consistent with drug trafficking.

16. Based on the cocaine seized from the residences of MALONE, PODRUG, and ALLEN, I believe MALONE was trafficking cocaine with co-conspirators and that he laundered the cash proceeds through his personal and business bank and credit union accounts. Investigators also found a money counter at MALONE's residence.

17. Given MALONE's frequent meet-ups with PODRUG and ALLEN and the search of both their residences resulting in the seizure of cocaine, coupled with the search of MALONE's 75th Avenue Residence where Investigators seized over a kilogram of cocaine, packaging and a scale, I conclude MALONE possessed more than 500 grams of cocaine with intent to distribute it. Furthermore, I believe the cash deposits into MALONE's corporations including Stumptown Trucking, LLC (later Stumptown Trucking Inc.) and FAYL LLC aka F.A.Y.L LLC is consistent with money laundering and that MALONE attempted to conceal and disguise his illicit drug proceeds by laundering it through said corporations.

## Conclusion

18. Based on the foregoing, I have probable cause to believe, and I do believe, that Anthony James MALONE II committed violations of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B) and 846, possession with intent to distribute and conspiracy to possess with intent to distribute controlled substances, and Title 18 U.S.C. 1956(a)(1)(B)(i), money laundering concealment. I therefore request that the Court issue a criminal complaint and arrest warrant for Anthony James MALONE II.

19.　　Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Peter Sax, and AUSA Sax advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*  
Danielle Hansen  
Special Agent, IRS Criminal Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at __10:10__ a.m./p̶.m̶. on March 5, 2026.

_____  
HONORABLE JOLIE A. RUSSO  
United States Magistrate Judge

**Affidavit of Danielle Hansen**　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 8**